UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SOUTHTRUST MORTGAGE CORPORATION,

        Plaintiff,

v.                                                Case No.  5:07-cv-328-Oc-10GRJ

MAJESTIC FARMS, LLC, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Ferrell Law, P.A.'s Motion To Remand Or To Dismiss For Lack Of Subject Matter Jurisdiction. (Doc. 25.) Defendants the United States Security and Exchange Commission ("SEC") (Doc. 32) and the United States (Doc. 40) have filed responses in opposition and the matter is now ripe for the Court's review. For the reasons discussed below, Defendant Ferrell Law, P.A.'s Motion To Remand Or To Dismiss (Doc. 25) is due to be **DENIED.**

## I. BACKGROUND AND FACTS

Plaintiff - the purported holder of a mortgage on a horse farm located in Marion County, Florida - filed the instant foreclosure action in the Circuit Court for the Fifth Judicial Circuit, in and for Marion County, Florida on July 25, 2007 seeking to foreclose the interests of among others, the SEC, the Internal Revenue Service ("IRS") through the United States as defendants and Ferrell Law, P.A. ("Ferrell Law"), each of whom is

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

alleged to claim some interest in or lien upon the subject real property. (Doc. 2.)

According to the Complaint, on July 11, 2003, Defendants Joel Steinger and Leslie F. Steinger, individually, and Majestic Farms, LLC ("Majestic Farms"), by its managing partner, Joel Steinger, executed a promissory note and mortgage on certain real property located in Marion County.[2] The Complaint alleges that Majestic Farms now owns and holds possession of the property.[3] According to Ferrell Law, Majestic Farms is an inactive Florida Limited Liability Company that was administratively dissolved on July 7, 2005.[4] According to an affidavit of a partner of Ferrell Law, Leslie Steinger alone, or both Leslie Steinger and Joel Steinger jointly own and control Majestic Farms.[5]

Southtrust joined the SEC in this action alleging that the SEC claims an interest in or lien upon the subject property by virtue of a Final Judgment recorded in Marion County and obtained against Joel Steigner and Kensington Management, Inc. for violations of federal securities laws and fraud, including disgorgement of $8,838,000 in illegal proceeds, plus prejudgment interest of $162,000 and a civil penalty of $9,500,000.[6] The judgment was recorded in Marion County on April 16, 2006.[7]

---

[2] Complaint, Doc. 2, ¶ 3.

[3] *Id*. at ¶ 6.

[4] Doc. 25, Ex. 1.

[5] Affidavit of George G. Mahfood, Doc. 32, Ex. 2, ¶¶ 9-10.

[6] Doc. 25, Ex. 2, SEC v. Mutual Benefits Corp., et al., Case Number 04-60573-CIV-Moreno/Simonton (S.D. Fla.).

[7] *Id*. Kensington Management, Inc. is a dissolved Florida corporation that lists Joel Steinger as its officer/director. Doc. 25, Ex. 3.

Southtrust joined the IRS, by and through the United States, as a defendant because the IRS may have some claim or demand on the property by virtue of federal tax liens against Runnin Horse Farms and Joel Steinger.[8]

Southtrust named Ferrell Law as a defendant in this action because Ferrell Law may claim some interest or lien upon the subject property by virtue of the Notice of Lis Pendens it recorded against the property and by virtue of a Final Order Granting Summary Judgment for An Equitable Lien and An Attorney's Charging Lien As To Real Property recorded against the property on June 26, 2007 and a Final Decree recorded in Marion County on July 6, 2007.[9] Ferrell Law obtained the Final Order as a result of unpaid attorney's fees relating to Ferrell Law's representation of defendants Joel and Leslie Steinger in the case brought against them by the SEC.[10]

Based upon its potential claim of an interest in the subject property and pursuant to the provisions of 28 U.S.C. §§ 1442(a)(1), 1444 and 1446, the SEC removed the case to this Court on August 14, 2007. (Doc. 1.) Ferrell Law filed the instant motion to remand on September 13, 2007, claiming that the case should be remanded to state court because the "SEC does not allege that it actually has or claims 'a mortgage or other lien' against the property that is subject of this action," only that it *claims* an interest in the property. Therefore, Ferrell Law argues that the Court lacks subject mater jurisdiction over the matter because the SEC cannot invoke 20 U.S.C. §1444 (which

---

[8] Doc. 25, Exs. 4-5.

[9] Ferrell's Answer And Affirmative Defenses, Doc. 17, ¶¶ 17 and 27.

[10] Final Order Granting Summary Judgment For An Equitable Lien And An Attorneys' Charging Lien As To Real Property, Doc. 32, Ex. 1, ¶¶ 5-7.

incorporates 28 U.S.C. § 2410) as the basis for jurisdiction based upon a *potential* claim. According to Ferrell Law , under Florida law, the SEC's judgment against Joel Steinger and Kensington Management, Inc. does not create a lien on the property owned by Majestic Farms. Further, Ferrell Law contends that the IRS tax liens against Joel Steinger and Runnin Horse Farms also do not create liens on the property owned by Majestic Farms.

## II. **DISCUSSION**

The threshold issue to be resolved by the Court is whether the SEC was entitled to remove this case to federal court pursuant to 28 U.S.C. § 1442(a)(1) or 28 U.S.C. § 1444 by virtue of the fact that the SEC was named in the foreclosure action as a party that may claim an interest in or lien upon the real property that is the focus of the foreclosure action. The Court concludes that the SEC was authorized to remove this action under 28 U.S.C. § 1444.[11]

### *1. Removal was Appropriate Pursuant to 28 U.S.C. § 1444*

Section 1444 provides that "[a]ny action brought under § 2410 of this title against the United States in any State court may be removed by the United States to the district

---

[11] Section 1442 of Title 28 of the United States Code - the other provision relied upon by the SEC in its removal notice - authorizes removal to federal court by government agencies. 28 U.S.C. § 1442(a)(1); State of Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989). Under this provision, two requisites must be met before an agency may remove a case to federal court: (1) the case must be against any officer, agency, or agent of the United States for any act under color of such office: and (2) the federal actor or agency must raise a colorable defense arising out of its duty to enforce federal law. Cohen, 887 F.2d at 453 (citing Mesa v. California, 489 U.S. 12, 128 (1989)). The instant foreclosure action was not brought against the SEC for actions it took in its official capacity, but rather was brought to establish the priority of Southtrust's interest over the SEC's judgment lien, if any. Therefore, because the SEC did not remove this action based upon a colorable federal defense arising out the SEC's duty to enforce federal law, 28 U.S.C. § 1442(a)(1) does not apply.

court of the United States for the district and division in which the action is pending."[12] In other words, as long as an action conforms with § 2410, then federal subject matter jurisdiction exists on the basis of § 1444.[13]

Section 2410, in pertinent part, provides:

> (a) ...the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter...
> (2) to foreclose a mortgage or other lien upon...
> real or personal property on which the United States has or *claims* a mortgage or other lien.

Relying upon *Old Orchard Bank &Trust Co. v. Rodriguez*[14] Ferrell Law argues that this case is not covered by 28 U.S.C. § 2410 because the SEC does not currently *have* a mortgage or lien on the subject property. In *Orchard Bank,* the court dismissed the case against the United States and remanded the case only after the court substantively "rejected the existence of the lien."[15] However, the court there stated that upon removal, jurisdiction "had existed because the United States *claimed* a lien, but in the present circumstances such jurisdiction extended solely to deciding that question."[16]

Here, subject matter jurisdiction is present under 28 U.S.C. § 2410 at the time the action was commenced.[17] Southtrust Mortgage alleges in the complaint - and the SEC asserts in its notice of removal - that the SEC may possess an interest in the

---

[12] 28 U.S.C. §§ 1444.

[13] Hussain v. Boston Old Colony Insurance Company, 311 F.3d 623, 628 (5th Cir. 2002).

[14] 654 F. Supp. 108, 112 (N.D. Ill. 1987).

[15] *Id*.

[16] *Id*.

[17] Hussain, 311 F.3d at 630; Koehler v. United States, 153 F.3d 263, 266-267 (5th Cir. 1998).

property allegedly owned by Majestic Farms, LLC. That allegation alone is sufficient to trigger removal jurisdiction because under 28 U.S.C. § 2410 all that is required is that the action involves a foreclosure on real property on which the United States or an agency thereof claims an interest in or lien upon the property sought to be foreclosed. Accordingly, the SEC was entitled to remove this action pursuant to 28 U.S.C. §§ 1444 and, therefore, Ferrell Law's Motion to Remand is due to be denied

***2. Dismissal For Lack of Subject Matter Jurisdiction is Premature***

Ferrell Law also requests the Court to dismiss the claims against the SEC and the IRS for lack of subject matter jurisdiction. Motions for dismissal on the grounds that the Court lacks subject matter jurisdiction under Rule 12(b)(1) may challenge jurisdiction facially or factually.[18] Where the jurisdictional attack is factual, as in the instant case, the court is required to delve into the arguments asserted by the parties and the credibility of the evidence presented. "[19] In resolving a factual challenge, the district court may consider extrinsic evidence such as testimony and affidavits."[20] Additionally, courts may dismiss cases pursuant to 12(b)(1) upon a finding that the claims against a defendant are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous."[21]

Ferrell Law has not presented any extrinsic evidence such as testimony or affidavits in support of its motion suggesting that the SEC or the IRS do not have a

---

[18] Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003).

[19] Garcia v. Copenhaver, Bell, and Associates, 104 F.3d 1256, 1260-1261 (11th Cir. 1997).

[20] Morrison, 323 F.3d at 925.

[21] Lawrence v. Dunbar, 919 F.2d 1525, 1530 n. 7 (11th Cir. 1990) (*citing* Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982)).

6

colorable claim or interest in the subject property. Instead, the exhibits filed by both Ferrell Law and the SEC consist of copies of documents purportedly filed in the public records or filed in other proceedings and copies of print-outs from the Secretary of State of Florida. While these documents ultimately may be relevant to the determination of whether the SEC will prevail in establishing that it has a lien on the subject property, the Court cannot resolve this issue at this juncture based upon the information presently before it. Moreover, at a minimum, at this juncture, it cannot be said that the SEC's claim of interest or lien upon the subject property is "immaterial, unsubstantiated or frivolous." Where, as here, the issue of whether the Court has subject matter jurisdiction (i.e whether the SEC or the IRS have liens on the property) is intertwined with the merits of the case, dismissal on the grounds of lack of subject matter jurisdiction is premature.[22] Accordingly, Ferrell Law's alternative motion to dismiss for lack of subject matter jurisdiction is due to be denied.

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant Ferrell Law, P.A.'s Motion To Remand Or To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. 25) should be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on November 5, 2007.

Copies to:
　　The Honorable Wm. Terrell Hodges
　　Senior United States District Judge

　　Counsel of Record

GARY R. JONES
United States Magistrate Judge

---

[22] Clark v. Tarrant County, Texas, 798 F.2d 736, 741-742 (5th Cir. 1986) (*citing* Bell v. Hood, 327 U.S. 678 (1946)) (where the issue of subject matter jurisdiction is intertwined with the merits, dismissal on the grounds of lack of subject matter jurisdiction is proper only if the claim is wholly insubstantial and frivolous).